*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

**No. 23-13674-G**
_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**
_____

DINA MENDOZA,

Plaintiff/Appellant,

v.

AETNA LIFE INSURANCE COMPANY,

Defendant/Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF FLORIDA (MIAMI DIVISION)
_____

**APPELLANT'S OPENING BRIEF**
_____

Erin Pogue Newell, Esquire

**OPEN BOOK APPEALS**
*Attorney for Appellant*

6278 N Federal Hwy., Ste. 388
Fort Lauderdale, FL 33308-1916

Phone: (305) 298-3140
Email: enewell@openbookappeals.com

1

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

## CERTIFICATE OF INTERESTED PERSONS/CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 28-1(b), the undersigned counsel for Plaintiff/Appellant, Dina Mendoza, certifies that the following is a list of all trial judge(s) and all attorneys, persons, associations or persons, firms, partnerships, corporations or governmental entities that have an interest in the outcome of this case:

1.    AETNA LIFE INSURANCE COMPANY (Defendant/Appellee)

2.    Bronson, Ardith M. (Counsel for Defendant/Appellee)

3.    CVS Health Corporation (stock ticker symbol "CVS")

4.    DLA Piper LLP (US), (Counsel for Defendant/Appellee)

5.    Espinosa, Jose M (Counsel for Defendant/Appellee)

6.    Goodman, Hon. Jonathan, United States Magistrate Judge

7.    Health and Medicine Law Firm (Trial counsel for Plaintiff/Appellant)

8.    Mendoza, Dina (Plaintiff/Appellant)

9.    Newell, Erin Pogue (Appellate counsel for Plaintiff/Appellant)

10.    Open Book Appeals (Appellate counsel for Plaintiff/Appellant)

11.    Santi, Maria T. (Trial counsel for Plaintiff/Appellant)

12.    Scola, Hon. Robert N., Senior United States District Judge

*/s/ Erin Pogue Newell*
**ERIN POGUE NEWELL**
Florida Bar No. 99616

C-1

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

## STATEMENT REGARDING ORAL ARGUMENT

This appeal involves the dismissal of a single-count ERISA claim against the claims administrator, Defendant/Appellee Aetna, under Federal Rule of Civil Procedure 12(b)(6) based on the coordination of benefits ("COB") provision of the Aetna Plan, which Aetna argued required the mandatory joinder of another insurance carrier per Federal Rule of Civil Procedure 19, without leave to amend.

Because the district court misinterpreted the COB provision and effectually converted Aetna's rule 12(b)(7) motion to dismiss to a motion for summary judgment by adjudicating disputed facts outside the pleadings without providing requisite notice to the Plaintiff/Appellant, oral argument would be useful to the Court in developing a better understanding of the facts and procedural history of this matter and their relationship to the nature and issues of this case. Therefore, the Appellant respectfully requests the opportunity to present oral argument.

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

## <u>**TABLE OF CONTENTS**</u>

CERTIFICATE OF INTERESTED PERSONS/CORPORATE
DISCLOSURE STATEMENT..............................................................C-1

STATEMENT REGARDING ORAL ARGUMENT .................................i

TABLE OF CONTENTS ...........................................................ii

TABLE OF CITATIONS ........................................................... iii

STATEMENT OF JURISDICTION .....................................................v

STATEMENT OF ISSUES .........................................................1

STATEMENT OF THE CASE .......................................................2

   I.   Course of Proceedings ...............................................2

   II.   Statement of Facts.................................................4

   III.   Standard Of Review ...............................................6

SUMMARY OF THE ARGUMENT ...................................................7

ARGUMENT ...................................................................9

   I.   THE DISTRICT COURT ERRONEOUSLY DISMISSED THE
MOTHER'S ERISA CLAIM WITHOUT LEAVE TO AMEND
BASED ON THE COB PROVISION OF THE AETNA PLAN ...................9

     A.   The District Court Erroneously Disregarded the Well-Pleaded
Allegations of the Complaint and Erroneously Construed the COB
Provision Against the Mother ...................................9

     B.   The District Court Erroneously Converted Aetna's Rule 12(b)(7)
Motion to Dismiss to One for Summary Judgment Regarding the
"Birthday Rule" Without Giving the Mother Proper Notice .................17

     C.   Alternatively, the District Court Erroneously Dismissed this Action
Without Leave to Amend in Lieu of Ordering Mandatory Joinder
of the Newborn Twins' Father's Insurance Carrier .................19

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

CONCLUSION ........................................................................................21

CERTIFICATE OF COMPLIANCE ......................................................22

## **TABLE OF CITATIONS**

### **Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...........................................................9, 10, 16

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................9, 16

*Brown v. Gadsden Reg'l Med. Ctr. Ltd. Liab. Co.*,
    748 F. App'x 930 (11th Cir. 2018) ...............................................17

*Crowder v. Delta Air Lines, Inc.*,
    963 F.3d 1197 (11th Cir. 2020).............................................6, 11, 14

*Gilley v. Protective Life Ins. Co.*,
    17 F.3d 775 (5th Cir. 1994).........................................................14

*GSW, Inc. v. Long Cty.*,
    999 F.2d 1508 (11th Cir. 1993)......................................................9

*Jones v. Auto. Ins. Co.*,
    917 F.2d 1528 (11th Cir. 1990)....................................................19

*Milburn v. United States*,
    734 F.2d 762 (11th Cir. 1984).....................................................17

*Patterson v. MacDougall*,
    506 F.2d 1 (5th Cir. 1975)...........................................................20

*Sec'y of Labor v. Labbe*,
    319 F. App'x 761 (11th Cir. 2008) ..............................................16

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

*Shiloh Christian Ctr. v. Aspen Specialty Ins. Co.*,
    65 F.4th 623 (11th Cir. 2023) ........................................................11, 13, 14

## **Statutes**

28 U.S.C. § 1291 ................................................................................................v

28 U.S.C. § 1331 ................................................................................................v

29 U.S.C. § 1132(a)) ....................................................................................v, 2

29 U.S.C. § 1132(e)...........................................................................................v

29 U.S.C. § 1132(a)(1)(B)...........................................................................2, 3

29 U.S.C. § 1132(a)(3) ......................................................................................2

## **Other Authorities**

James M. Branscome, MS, Agency for Healthcare Research and Quality,
    *Employer-Sponsored Single, Employee-Plus-One, and Family Health
    Insurance Coverage: Selection and Cost*, 2006 Statistical Brief #207
    (July 2008), *available at*
    https://meps.ahrq.gov/data_files/publications/st207/stat207.pdf .................14

MD Clarity, *What is Single Coverage?*
    https://www.mdclarity.com/glossary/single-coverage..................................14

## **Rules**

11th Cir. R. 28-1(b) ..........................................................................................1

Fed. R. Civ. P. 12(b)(6)...........................................................................*passim*

Fed. R. Civ. P. 12(b)(7)...........................................................................*passim*

Fed. R. Civ. P. 19 .......................................................................................i, 20

Fed. R. Civ. P. 26.1 ...........................................................................................1

iv

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

Fed. R. Civ. P. 56 .............................................................................. 17, 18

Fed. R. Civ. P. 8 ..................................................................................... 16

Fed. R. Civ. P. 8(b) .................................................................................. 15

## **STATEMENT OF JURISDICTION**

This is an appeal from an order entered by the United States District Court for the Southern District of Florida on September 14, 2023, which dismissed and disposed of the Plaintiff/Appellant Dina Mendoza's one-count Complaint against the Appellee Aetna Life Insurance Company ("Aetna") for denying health benefits arising from the birth of her twin daughters in violation of section 502(a) of the Employment Retirement Income Security Act of 1974 ("ERISA"), and Final Judgment entered in favor of Aetna on October 4, 2023. The Appellant (hereinafter the "Mother") timely filed her notice of appeal on November 2, 2023.

The district court had jurisdiction over this controversy under Title 29, United States Code, section 1132(e), and Title 28, United States Code, section 1331. This Court has jurisdiction under Title 28, United States Code, section 1291 because this appeal seeks review of the final judgment of the district court.

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

## STATEMENT OF ISSUES

1.     Whether the district court erroneously construed the well-pleaded allegations of the complaint and coordination of benefits ("COB") provision of the Aetna Plan against the Mother in dismissing this action without leave to amend.

2.     Whether the district court erroneously converted Aetna's rule 12(b)(7) motion to dismiss to one for summary judgment regarding the "birthday rule" without giving the Mother proper notice.

3.     Whether the district court erroneously dismissed this action without leave to amend in lieu of ordering mandatory joinder of the newborn twins' father's insurance carrier.

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

## STATEMENT OF THE CASE

### I.    Course of Proceedings

The Mother filed this action against her claims administrator, Aetna, for wrongfully denying health insurance coverage arising from the birth of her twin daughters in violation of ERISA section 502(a) [DE 1].

Before filing this action, the Mother appealed Aetna's coverage denial, and provided additional evidence that the newborn twins were entitled to health benefits under the Aetna Plan [DE 1, ¶ 24]. Aetna upheld its denial, stating it was the "secondary carrier" [DE 1, ¶ 25]. Mother submitted a second appeal request and supplemental documents; Aetna upheld the coverage denial [DE 1, ¶ 27].

Aetna moved to dismiss the Mother's ERISA action on two grounds: (1) failure to join the newborn twins' father's insurance carrier as a necessary party, and (2) failure "to plead sufficient facts to support an ERISA claim," arguing it was unclear whether the Mother was asserting her claim under ERISA section 502(a)(1)(B) or 502(a)(3), and that the pleading failed to identify the specific Plan terms conferring the coverage at issue or detail the types of services sought and denied [DE 9].

The Mother filed her response to Aetna's motion to dismiss, apprising the district court:

2

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

- that dismissal of the complaint for failure to join an indispensable party under rule 12(b)(7) would be improper because joinder was feasible and should be ordered,

- the birthday rule was inapplicable to the newborn twins per the Plan during their 60-day enrollment period, and

- the pleading alleged sufficient facts to enable the court to reasonably infer that Aetna wrongfully denied coverage in violation of ERISA section 502(a)(1)(B)

[DE 11].

Aetna filed a reply in support of its motion, maintaining that the "birthday rule" of the COB provision required mandatory joinder of the father's insurance carrier because the district court "must determine which of the Plans–Aetna or the father's insurer–is primarily responsible for the services at issue" [DE 12, pp. 4-6], and maintaining that the Mother's ERISA claim was a hybrid of two distinct claims and the pleading lacked sufficient facts regarding the Plan provision(s) at issue and type of services provided [DE 12, pp. 7-9].

The district court entered an order dismissing the Mother's action for failure to state a claim under rule 12(b)(6) based on the COB provision of the Aetna Plan, and declining to reach Aetna's 12(b)(7) joinder argument [DE 16]. Final Judgment

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

for Aetna was rendered October 4, 2023 [DE 17]. The Mother filed her notice of appeal on November 2, 2023 [DE 18].

## II.    Statement of Facts

The Mother gave birth to twin daughters who required Intensive Care Unit ("ICU") and hospital medical services at South Miami Hospital [DE 1 ¶ 18]. Mother and newborn twins were beneficiaries of a health insurance policy sponsored by Baptist Health South Florida, Inc., for which Aetna was the claims administrator [DE 1, ¶¶ 8, 9].

The Aetna Plan provided coverage for newborn care [DE 1-3, pp. 16, 25]. On adding newborn children, the Aetna Plan provided:

> A newborn child - Your newborn child is covered on your health plan for the first 30 days after birth.
> -    To keep your newborn covered, your Employer must receive your completed enrollment information within 60 days of birth.
> -    You must still enroll the child within 30 days of birth even when coverage does not require payment of an additional contribution for the covered dependent.
> -    If you miss this deadline, your newborn will not have health benefits after the first 60 days.

[DE 1-3, p. 11].

The Aetna Plan also contained a coordination of benefits ("COB") provision, applicable to "people [who] have health coverage under more than one health plan," which required Aetna to "work together with [] other plan(s) to decide how much each plan pays" [DE 1-3, p. 57].

4

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

Rules for determining whether a plan is primary or secondary are detailed in the COB. For a dependent child of parents who are married or living together, the primary plan would be "the plan of the parent whose birthday (month and day only) falls earlier in the calendar year"; the secondary plan would be "the plan of the parent born later in the year (month and day only)." Where parents have the same birthday, "the plan that has covered a parent longer is primary" [DE 1-3, p. 58]. This is identified as "[t]he 'birthday rule'" [DE 1-3, p. 58].

The newborn twins did not have any other insurance [DE 1, ¶ 22]. The newborn twins' father had "a single person insurance plan" through his employer [DE 1, ¶ 22]. Neither the Mother nor the newborn twins had health coverage under the father's single coverage plan [DE 1, ¶ 22].

The Mother's treating physicians submitted a pre-authorization concerning the twins' birth, and South Miami Hospital billed a total of $420,269.00 to Aetna [DE 1, ¶¶ 19, 21]. Aetna denied coverage on grounds that it was the "secondary carrier," and denied the Mother's two appeals of the coverage denial on that basis [DE 1, ¶¶ 21, 24-27].

The district court determined that the Mother failed to state an ERISA claim under rule 12(b)(6), finding "she has not plausibly alleged that [Aetna's] claim denials were wrong" [DE 16, p. 3]. The district court further determined that it could not "conclude that the Plan's dependent children COB provisions would not

5

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

apply, or that the provisions' application would result in Aetna's sole responsibility for paying the claims" [DE 16, p. 3]. The district court did not reach Aetna's rule 12(b)(7) motion for "mandatory amendment" to join the newborn twins' father's insurance carrier [DE 16, p. 2].

Final Judgment for Aetna was entered [DE 17], and this appeal timely follows [DE 18].

## III.    Standard Of Review

This Court "review[s] de novo a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020).

Likewise, this Court "review[s] de novo the district court's ruling affirming or reversing a plan administrator's ERISA benefits decision, applying the same legal standards that governed the district court's decision." *Id.* at 1203 (internal citation omitted). The district court is limited to consideration of the material available to the administrator at the time it made its decision, but may rely on the facts as presented by the plaintiff at the motion to dismiss stage. *Id.*

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

## SUMMARY OF THE ARGUMENT

In dismissing the Mother's ERISA complaint without leave to amend, the district court erroneously disregarded the well-pleaded allegations of the complaint that alleged the Mother and newborn twins "did not have any other insurance" and the newborn twins' father had a "single person insurance plan" through his employer, which she and the twins were never enrolled in [DE 1, ¶ 22]. If there was no other health coverage, Aetna could not have been the secondary insurer, so there was a plausible basis to believe Aetna's coverage-denial on grounds that it was the secondary insurer was wrong. Therefore, the dismissal of the Mother's ERISA claim was error and should be reversed.

Moreover, the district court erroneously misconstrued the COB provision of the Aetna Plan as "requir[ing] consideration of the father's insurance plan before a determination can be made regarding dependent child coverage." The COB was limited to "people [who] have health coverage under more than one health plan" [DE 1-3, p. 57]. Assuming the Mother and newborn twins did not have other health coverage, as alleged, there was a plausible basis to believe Aetna's coverage denial insofar as it relied on the COB was wrong.

The district court also misconstrued the Aetna Plan in determining newborn coverage was "contingent on the application of the COB rule." The Aetna Plan provided that a newborn child is covered on the beneficiary's health plan for the

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

first 30 days after birth [DE 1-3, p. 11]. The Plan contained exclusions, but none for newborn care pertaining to other health coverage. Even if the Plan was ambiguous in this regard, such ambiguity must be construed against Aetna. Therefore, the dismissal of the Mother's ERISA claim based on the COB was erroneous and should be reversed.

As far as the district court considered whether the newborn twins' father's birthday was later than the Mother's in determining that it could not "conclude the Plan's dependent child COB provisions would not apply, or that the provisions' application would result in Aetna's sole responsibility for paying the claims," the district court erroneously considered matters outside the pleading and converted Aetna's rule 12(b)(7) motion to dismiss to one for summary judgment without requisite notice.

Considering Aetna's argument for mandatory joinder of the newborn twins' father's insurance carrier to resolve the primarily/secondary insurance carrier issue per the "birthday rule," it cannot be said that the Mother was on notice that the court would convert the 12(b)(7) motion to one for summary judgment. The district court's failure to give the Mother proper notice and opportunity to respond is reversible error.

In this vein, even if the Court agrees with the district court's interpretation of the COB, it should find the district court erroneously dismissed the Mother's claim

8

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

without leave to amend in lieu of ordering mandatory joinder of the newborn twins' father's insurance carrier to resolve the primarily/secondary insurance carrier issue.

## **ARGUMENT**

## I. **THE DISTRICT COURT ERRONEOUSLY DISMISSED THE MOTHER'S ERISA CLAIM WITHOUT LEAVE TO AMEND BASED ON THE COB PROVISION OF THE AETNA PLAN**

"The appropriate standard for deciding to dismiss a claim is whether it appears beyond doubt that the plaintiff can prove no set of facts to support his claim. All facts set forth in the complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

In other words, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. **The District Court Erroneously Disregarded the Well-Pleaded Allegations of the Complaint and Erroneously Construed the COB Provision Against the Mother**

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement

9

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

to relief." *Iqbal*, 556 U.S. at 679. The district court failed to do that here, which requires reversal.

The Mother alleged that Aetna was and is the primary insurance carrier [DE 1, ¶¶ 22, 27]. If the Mother's pleading contained no further factual content, dismissal of her claim may have been warranted. *See generally Iqbal* (reversing denial of petitioner's motion to dismiss based on qualified immunity where the complaint had not nudged the claims of invidious discrimination across the line from conceivable to plausible).

However, the Mother's pleading contained supporting fact allegations that Aetna was, in fact, the primary insurer. To wit—

- she and the newborn twins "did not have any other insurance" [DE 1, ¶ 22],

- "the only plan [she and] the twins were enrolled in w[as] the Aetna plan" [DE 1, ¶ 22],

- she and the newborn twins "did not have any other insurance or coverage for the above-referenced dates of service(s)" [DE 1, ¶ 27], and

- the newborn twins' father had a "single person insurance plan" through his employer, which she and the twins were never enrolled in [DE 1, ¶ 22].

Considering that the COB provision of Aetna's Plan applies to "people [who] have health coverage under more than one health plan" [DE 1-3, p. 57], the fact that Mother and newborn twins did not have health coverage under any other

10

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

insurance plan [DE 1, ¶¶ 22, 27] certainly pushed her allegation that Aetna was the primary insurer across the line of "plausibility," as those fact allegations provided reasonable grounds for the court to conclude that Aetna was the primary insurer. In fact, there was no additional health coverage available. Ergo, Aetna's coverage denial was plausibly wrong.

Nevertheless, the district court construed the COB provision as "requir[ing] consideration of the father's insurance plan before a determination can be made regarding dependent child coverage," and concluded the newborn coverage explicitly provided by the Plan was "contingent on the application of the COB rule" [DE 16, p. 3]. In so doing, the district court erroneously construed the COB.

It is well established that "[t]he award of benefits under any ERISA plan is governed in the first instance by the language of the plan itself," and ERISA plans must be construed according to "the plain and ordinary meaning of the policy terms to interpret the contract." *See Crowder*, 963 F.3d at 1203 (citations omitted). Additionally, "insurance coverage must be interpreted broadly and its exclusions narrowly." *Shiloh Christian Ctr. v. Aspen Specialty Ins. Co.*, 65 F.4th 623, 629 (11th Cir. 2023). If a term is ambiguous, the Court applies "the rule of contra proferentem," which requires the Court "to construe the ambiguity against the plan drafter." *Crowder*, 963 F.3d at 1203.

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

Here, the Aetna Plan enabled the Mother to add a newborn child "any time during the year," and further provided for *newborn care* as follows:

> A newborn child - Your newborn child is covered on your health plan for the first 30 days after birth.
>
> -     To keep your newborn covered, your Employer must receive your completed enrollment information within 60 days of birth.
>
> -     You must still enroll the child within 30 days of birth even when coverage does not require payment of an additional contribution for the covered dependent.
>
> -     If you miss this deadline, your newborn will not have health benefits after the first 60 days.

[DE 1-3, p. 11].

The Aetna Plan also contained the following COB provision:

## Coordination of benefits

Some people have health coverage under more than one health plan. If you do, we will work together with your other plan(s) to decide how much each plan pays. This is called coordination of benefits (COB).

### Key terms
Here are some key terms we use in this section. These terms will help you understand this *COB* section.

In this section when we talk about a "plan" through which you may have other coverage for health care expenses, we mean:

- Group or non-group, blanket, or franchise health insurance policies issued by insurers, HMOs, or health care service contractors
- Labor-management trustee plans, labor organization plans, employer organization plans, or employee benefit organization plans
- An automobile insurance policy
- Medicare or other governmental benefits
- Any contract that you can obtain or maintain only because of membership in or connection with a particular organization or group

### Here's how COB works
- When this is the primary plan, we will pay your medical claims first as if the other plan does not exist.
- When this is the secondary plan, we will pay benefits after the primary plan and will reduce the benefits to the lesser of:
  - What the plan would have paid if it had been primary
  - What the plan would have paid less the primary plans payment.

12

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

[DE 1-3, p. 57].

Under the plain language of the COB, a person must "have health coverage under more than one health plan" [DE 1-3, p. 57]. Ergo, if the Mother and newborn twins did not have other coverage, as alleged, the COB did not apply. "The rule applicable to unambiguous policies is ruthlessly straightforward: If the policy's 'language is unambiguous, it governs'—end of story." *Shiloh*, 65 F.4th at 627. Therefore, the dismissal of the Mother's ERISA claim based on the COB should be reversed.

The Aetna Plan also contained exclusions [DE 1-3, pp. 37-46]. Therein, "[p]ayment for a portion of the charge that Medicare or another party is responsible for as the primary payer" is excluded [DE 1-3, p. 52]. And an exclusion for "maternity and related newborn care" provided: "Any services and supplies related to births that take place in the home or in any other place not licensed to perform deliveries" [DE 1-3, p. 44]. Tellingly, there is no exclusion making newborn care "contingent" on the COB. As such, the district court erroneously found coverage contingent on the COB. *See Shiloh*, 65 F.4th at 629 (using the *expressio unius* canon to conclude an insurance policy unambiguously covered windstorms where the policy's catalogue of exclusions failed to name windstorms).

Even if the newborn coverage provisions of the Plan could be interpreted as "contingent" on the COB, this would, at most, create an ambiguity. If "there are

13

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

multiple reasonable interpretations" regarding whether the Aetna Plan covers the Mother and newborn twins' healthcare claims, the Plan "is ambiguous and must be construed in favor of coverage." *See Shiloh,* 65 F.4th at 631; *see also Crowder*, 963 F.3d at 1203 (explaining that the Court applies "the rule of contra proferentem" when an ERISA plan is ambiguous, which requires the Court "to construe the ambiguity against the plan drafter").

Additionally, the fact that the newborn twins' father had "single person" coverage [DE 1, ¶ 22] is significant because a single person insurance plan is "health insurance that covers the employee only."[1] Single coverage "provides healthcare benefits to only one individual" and "covers the medical expenses of a single person, typically the policyholder. Single coverage is often contrasted with family coverage, which extends healthcare benefits to the policyholder's spouse and dependents."[2] Federal courts have generally distinguished single person coverage from non-single or family coverage insurance plans. *See Gilley v. Protective Life Ins. Co.,* 17 F.3d 775, 780 (5th Cir. 1994) (concluding the

---

[1] James M. Branscome, MS, Agency for Healthcare Research and Quality, *Employer-Sponsored Single, Employee-Plus-One, and Family Health Insurance Coverage: Selection and Cost*, 2006 Statistical Brief #207 (July 2008), *available at* https://meps.ahrq.gov/data_files/publications/st207/stat207.pdf

[2] MD Clarity, *What is Single Coverage?* https://www.mdclarity.com/glossary/single-coverage

14

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

Mississippi legislature did not intend to enlarge the coverage of a single person policy to include the member's family members).

Here, the district court noted the fact that the newborn twins' father had "a single person insurance coverage" through his employer [DE 16, p. 1]; it should have construed the allegation as indicating the father's single coverage insurance plan provided health coverage to the father only. Had the district court properly construed this fact-allegation as true and in the light most favorable to the Mother, it necessarily would have found the COB inapplicable and Aetna's coverage-denial plausibly wrong.

Instead, the district court erroneously construed the allegations of the complaint against the Mother as an "admission that the father did have insurance during the relevant period," which it found insufficient to nudge the Mother's "summary statement regarding the inapplicability of the father's policy" into "'plausible' territory" [DE 16, p. 4]. "Admissions" are made at the pleading stage by the responding party, not the pleading party. *See* Fed. R. Civ. P. 8(b).

At any rate, the Mother's fact-allegations that the newborn twins' father had single coverage insurance and that she and the newborn twins had no other health coverage supported her assertion that Aetna was the primary insurer and established a plausible basis to determine Aetna wrongfully denied coverage in this

15

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

case. Thus, under the facts alleged in the complaint, the district court erroneously dismissed the Mother's ERISA claim pursuant to rule 12(b)(6).

Additionally, the district court erroneously suggested that the complaint should have "detail[ed] the specific terms of the father's supposedly inapplicable policy that establish the lack of coverage for his children" [DE 16, p. 4]. "The pleading standard Rule 8 announces does not require detailed factual allegations" *Iqbal*, 556 U.S. at 678 (discussing Fed. R. Civ. P. 8).

The allegations of the complaint were enough to raise the Mother's right to ERISA relief for the wrongful denial of health benefits "above the speculative level." *Cf. Twombly,* 550 U.S. at 570. Considering the facts alleged, the Mother was not required to make further factual allegations about the father's single person insurance coverage to survive Aetna's 12(b)(6) motion. *See, e.g., Sec'y of Labor v. Labbe*, 319 F. App'x 761, 762-63 (11th Cir. 2008) (rejecting district court's finding that further detail was necessary to satisfy the threshold pleading requirements articulated by the Supreme Court in *Twombly*).

Therefore, the district court erroneously dismissed the Mother's ERISA claim against Aetna based on the COB, and the dismissal and entry of judgment in Aetna's favor should be reversed.

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

**B.    The District Court Erroneously Converted Aetna's Rule 12(b)(7) Motion to Dismiss to One for Summary Judgment Regarding the "Birthday Rule" Without Giving the Mother Proper Notice**

"Consideration of matters beyond the complaint is improper in the context of a motion to dismiss but proper in the context of a motion for summary judgment." *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984) (citing Fed. R. Civ. P. 12(d)). "[T]he court converts a motion to dismiss into a motion for summary judgment by considering matters beyond the complaint." *Id.*

While the court may sua sponte grant summary judgment, it must "give notice to the parties that it intends to address the claim on summary judgment." *Brown v. Gadsden Reg'l Med. Ctr. Ltd. Liab. Co.*, 748 F. App'x 930, 936 (11th Cir. 2018); *see also* Fed. R. Civ. P. 12(d) ("If a matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").

Here, the complaint does not allege when the Mother's birthday month and day falls [DE 1]. The complaint does not allege when the newborn twins' father's birthday month and day falls [DE 1]. Yet, the district court necessarily considered whether the newborn twins' father's birthday month and day fell earlier than the Mother's in determining that it could not "conclude the Plan's dependent child

17

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

COB provisions would not apply, or that the provisions' application would result in Aetna's sole responsibility for paying the claims" [DE 16, p. 3].

The "birthday rule" is stated in the "COB rules for dependent children." Aetna relied on the COB as support for its rule 12(b)(7) to join the newborn twins' father's insurance carrier as a necessary party. Regarding "the child of parents who are married or living together," the rule dictates that the primary plan is "[t]he plan of the parent whose birthday (month and day only) falls earlier in the calendar year" [DE 1-3, p. 58].

By reasoning that the Mother should have alleged the father's birthday was later than hers, and concluding the COB necessarily applied, the district court essentially found no genuine issue of material fact regarding the "birthday rule." *See generally* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

This is reversible error because the district court did not give the Mother notice and a reasonable time to respond. *See* Fed R. Civ. P. 56(f). This Court "has consistently enforced the strict notice requirements of Rules 12(b) and 56, creating a bright-line rule: If a district court fails to comply with the ten-day notice requirement, the case will be reversed and remanded so that the district court may provide the non-moving party with adequate notice." *Jones v. Auto. Ins. Co.*, 917

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

F.2d 1528, 1532 (11th Cir. 1990). "[I]t is of the utmost importance that parties are aware of the transformation of the motion to dismiss into a motion for summary judgment, and are able to present to the court materials in support of or in opposition to the motion." *Id.* at 1533.

Here, the Mother did not know of the conversion of Aetna's rule 12(b)(7) motion to dismiss or have any basis to anticipate the motion would be converted to one for summary judgment because Aetna requested "mandatory amendment" to join the father's insurance carrier for the district court to "determine which of the Plans–Aetna or the father's insurer–is primarily responsible for the services at issue" [DE 12, pp. 4-6]. Because the Mother was not on notice that Aetna's rule 12(b)(7) motion to dismiss would be considered as one for summary judgment, the dismissal and entry of judgment in Aetna's favor was erroneous, and should be reversed.

### C.    Alternatively, the District Court Erroneously Dismissed this Action Without Leave to Amend in Lieu of Ordering Mandatory Joinder of the Newborn Twins' Father's Insurance Carrier

Even assuming *arguendo* that the COB provision of the Aetna Plan applied and required consideration of the newborn twins' father's insurance plan before a determination of coverage could be made, the COB required Aetna to "work together" with the beneficiary's "other plan(s) to decide how much each plan pays" [DE 1-3, p. 57]. The district court erroneously overlooked this language in

19

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

construing the Plan and concluding it was "not plausible that the Defendant [Aetna] improperly denied the benefits in question" [DE 16, p. 4].

As Aetna argued in its rule 12(b)(7) motion, the application of the "birthday rule" would necessarily implicate the newborn twins' father's insurer, if the rule was applicable, and the father's insurer would have a legally protected interest in the action, either as a primary or secondary insurer [DE 9, p. 6].

Accepting the trial court's construction of the COB as conditioning coverage on the participation of the newborn twins' father's insurance carrier *arguendo*, mandatory joinder per rule 19 was required. The trial court's dismissal of the action without leave to amend in lieu of ordering mandatory joinder under these circumstances was reversible error. *See generally Patterson v. MacDougall*, 506 F.2d 1, 5 (5th Cir. 1975) ("[T]he proper remedy under Rule 19 is not dismissal but joinder by order of the court.").

Therefore, if this Court agrees with the district court's interpretation of the COB, it should nevertheless reverse the dismissal of this action and remand for mandatory joinder of the father's insurance carrier and further proceedings.

20

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

## CONCLUSION

This Court should REVERSE the dismissal of the Mother's ERISA claim against Aetna and REMAND for further proceedings.

Respectfully submitted,

*/s/ Erin Pogue Newell*
**ERIN POGUE NEWELL**
Florida Bar No. 99616
*Counsel for Appellant*

enewell@openbookappeals.com

OPEN BOOK APPEALS

6278 N Federal Hwy., Ste. 388

Fort Lauderdale, FL 33308-1916

Phone: (305) 298-3140

21

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by rule 32(f), this document contains 4,363 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of rule 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word version 16.79.2, in 14-point, Times New Roman font.

*/s/ Erin Pogue Newell*___
**ERIN POGUE NEWELL**
Florida Bar No. 99616
*Counsel for Appellant*

*Mendoza v. Aetna Life Insurance Company*
Case No. 23-13674-G

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed this document with the Clerk of Court using CM/ECF on January 12, 2024, that this document is being served on all counsel of record identified on the attached service list via transmission of Notices of Electronic Filing generated by CM/ECF, and four paper copies have been sent out to the clerk for delivery per 11th Circuit Rule 31-3.

*/s/ Erin Pogue Newell*
**ERIN POGUE NEWELL**
Florida Bar No. 99616
*Counsel for Appellant*

## <u>Service List</u>

**Jose M. Espinosa**
**Ardith Bronson, Esq.**
**Maia Sevilla-Sharon, Esq.**
DLA Piper LLP (US)
200 South Biscayne Blvd., Suite 2500
Miami, FL 33131
jose.espinosa@us.dlapiper.com
ardith.bronson@dlapiper.com
maia.sevillasharon@dlapiper.com
*Counsel for Defendant/Appellee*

**Maria Teresa Santi, Esq.**
HEALTH AND MEDICINE LAW
FIRM 8950 SW 74th Court, Suite 2201
Miami, FL 33156
admin@healthandmedicinelawfirm.com
msanti@healthandmedicinelawfirm.com
*Counsel for Plaintiff/Appellant*